# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 12-5393 |
| | ) | |
| BOEHRINGER INGELHEIM | ) | |
| PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

## APPELLANT FEDERAL TRADE COMMISSION'S
## OPPOSITION TO MOTION TO DISMISS

David C. Shonka
Acting General Counsel

Leslie Rice Melman
Assistant General Counsel for Litigation

David L. Sieradzki
Attorney, Office of General Counsel

FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Washington, DC  20580
(202) 326-2092
dsieradzki@ftc.gov

February 11, 2013

## TABLE OF CONTENTS

Page

INTRODUCTION AND SUMMARY .........................................................1

BACKGROUND.........................................................................................3

ARGUMENT .............................................................................................5

I.    The Finality of the District Court's Decisions for Appeal is
      Not Affected by the Mere Possibility that the District Court
      Could be Asked to Address Ancillary Disputes in the Future..............5

II.   The Finality of the District Court's Decisions for Appeal
      Does Not Turn on Whether they were Labeled as "Judgments"
      Under Rule 58 ....................................................................................12

CONCLUSION ........................................................................................15

# TABLE OF AUTHORITIES

Page

<u>Cases</u>

*American Int'l Specialty Lines Ins. Co. v.*
    *Electronic Data Sys. Corp.*, 347 F.3d 665 (7th Cir. 2003).............. 14

(\*)  *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978) (*per curiam*) ........... 2, 14

*Brown Shoe Co. v. United States*, 370 U.S. 294 (1962) ............................. 7

(\*)  *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988) ................... 8, 9

*Catlin v. United States*, 324 U.S. 229 (1945)............................................. 7

*Citizens for Responsibility and Ethics in Washington v.*
    *Dept. of Homeland Security*, 532 F.3d 860 (D.C. Cir. 2008)..... 10-11

*Cobbledick v. United States*, 309 U.S. 323 (1940) ............................... 6, 12

*Ellis v. ICC*, 237 U.S. 434 (1915) ............................................................. 6

*Foman v. Davis*, 371 U.S. 178 (1962) ...................................................... 15

*FTC v. Feldman*, 532 F.2d 1092 (7th Cir. 1976) ....................................... 8

(\*) *FTC v. Texaco, Inc.*, 555 F.2d 862 (D.C. Cir. 1977) (*en banc*) ....... 1, 2, 6, 8

*Green v. Dept. of Commerce*, 618 F.2d 836 (D.C. Cir. 1980) ............. 10-11

*ICC v. Brimson*, 154 U.S. 447 (1894) ....................................................... 6

*In re Grand Jury Proceedings,* 616 F.3d 1172 (10th Cir. 2010) ............... 11

*Kemp v. Gay*, 947 F.2d 1493 (D.C. Cir. 1991) .......................................... 6

*Kidd v. District of Columbia*, 206 F.3d 35 (D.C. Cir. 2000) .................... 13

*Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*,
    460 F.3d 470 (3d Cir. 2006) .......................................................... 11

*Office of Thrift Supervision v. Dobbs*, 931 F.3d 956 (D.C. Cir. 1991)........ 8

*Outlaw v. Airtech Air Conditioning and Heating, Inc.*,
    412 F.3d 156 (D.C. Cir. 2005) .......................................................... 14

*Shalala v. Schaefer*, 509 U.S. 292 (1993) ........................................... 13

*Spann v. Colonial Village, Inc.*, 899 F.2d 24 (D.C. Cir. 1990) ................ 13

*Sullivan v. Finkelstein*, 496 U.S. 617 (1990) ......................................... 2, 13

*St. Louis, Iron Mtn. & Southern Ry. Co. v.*
    *Southern Express Co.*, 108 U.S. 24 (1883) ........................................ 7

*United States v. Johnson*, 254 F.3d 279 (D.C. Cir. 2001) ................... 13, 14

(\*)   *United States v. Legal Services for New York City*,
    249 F.3d 1077 (D.C. Cir. 2001) ...................................................... 7, 9

*United States v. Philip Morris USA, Inc.*,
    686 F.3d 839 (D.C. Cir. 2012) ........................................................ 7

Statutes and Rules

15 U.S.C. § 45 .................................................................................. 3

(\*)   28 U.S.C. § 1291 ................................................................. 1, 5, 11, 13

Fed. R. App. P. 4(a)(1)(B)(ii) ...................................................... 1

Fed. R. Civ. P. 58 .................................................................. 2, 12, 13, 14

Fed. R. Civ. P. 58(a) ...................................................................... 12

Fed. R. Civ. P. 58(d) ...................................................................... 14

(\*)   *Authorities on which we principally rely are marked with asterisks.*

## INTRODUCTION AND SUMMARY

In its motion to dismiss, appellee Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer") relies on a baseless theory that the orders of the district court resolving a petition to enforce an administrative subpoena are not "final" for purposes of appellate jurisdiction under 28 U.S.C. § 1291.  In fact, the district court's companion rulings, issued on September 27, 2012, and October 16, 2012, disposed of all issues in the case.[1]  The district court ordered Boehringer to produce certain documents responsive to an investigatory subpoena of the Federal Trade Commission ("FTC" or "the Commission"), thus granting the Commission's enforcement petition in part; and it upheld most of Boehringer's privilege claims, thus denying the petition in part.  The district court left no dispute unresolved, and at this point has nothing left to do.

Boehringer's motion ignores over a century of caselaw establishing that "an order of a district court granting or denying an agency's petition for enforcement of a subpoena is final and appealable."  *FTC v. Texaco, Inc.*, 555 F.2d 862, 873 n.21 (D.C. Cir. 1977) (*en banc*).  In this regard, the orders at issue here are unexceptional:  like all orders enforcing administrative subpoenas, they leave

---

[1] *See* Mem. Op. (Sept. 27, 2012) (Docket #69) ("*Privilege Op.*"); Order (Sept. 27, 2012) (Docket #70) ("*Privilege Order*"); Mem. Op. (Oct. 16, 2012) (Docket #71) ("*Search Op.*"); Order (Oct. 16, 2012) (Docket #72) ("*Search Order*").  The Commission filed a timely notice of appeal on December 11, 2012, less than 60 days after the final order (October 16, 2012).  *See* Fed. R. App. P. 4(a)(1)(B)(ii).

plenty of work for the *respondent* to do to achieve compliance, but they leave

nothing more for the *court* to do, unless the respondent fails to comply.  It is of no

import that the district court might be called upon to rule on disputes arising from

Boehringer's efforts to comply.  As in any other subpoena enforcement case, even

if the district court may need to rule on additional issues in the future, "[t]he

district court's retention of jurisdiction for possible further relief after the

documents [are] produced does not defeat finality."  *FTC v. Texaco, Inc.*, 555 F.2d

at 873 n.21.

　　　　There is also no merit to Boehringer's contention, relying on an erroneous

interpretation of Fed. R. Civ. P. 58, that an appellate court cannot review a district

court's final decision unless it is accompanied by a separate order captioned as a

"final judgment."  "The label used by the District Court of course cannot control

the order's appealability," and even if "the District Court did not caption its order

as a 'judgment' [or] a 'final judgment,'" that would be insignificant for purposes of

finality. *Sullivan v. Finkelstein*, 496 U.S. 617, 628 n.7 (1990).  Indeed, "nothing

but delay would flow from requiring the court of appeals to dismiss the appeal" for

such a technicality. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384-85 (1978) (*per

curiam*).  Accordingly, this Court should deny the motion to dismiss, and should

direct the Clerk to schedule briefing on the merits.

## BACKGROUND

The Commission issued the subpoena *duces tecum* at issue here on February 5, 2009, as part of an investigation into whether Boehringer conspired with another firm to restrain competition, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.[2]  In response to the subpoena, Boehringer conducted an unduly limited search for documents; failed to meet the subpoena's deadline for producing documents; and refused to produce (or severely redacted) numerous responsive documents that it claimed were protected under the work product and attorney-client privileges.  The Commission filed its petition for enforcement of the subpoena – initiating this case – on October 23, 2009.

After extended efforts by the parties to narrow the scope of the issues in dispute, ultimately only "two issues remain[ed] [to be decided by the district court]:  (1) whether the documents claimed by [Boehringer] to be protected under a privilege are, in fact, privileged; and (2) whether the scope and adequacy of [Boehringer's] search is sufficient." *Privilege Op.* at 4.  *See also Search Op.* at 1

_____

[2] The investigation concerns Boehringer's agreement to settle patent litigation against Barr Laboratories, Inc. ("Barr"), and the two companies' simultaneous entry into a purportedly separate joint marketing agreement.  Under the litigation settlement, Boehringer dropped its claims that Barr's generic equivalents to two of Boehringer's brand-name drugs had infringed its patents; and Barr agreed to delay introducing its generics for several more years.  The Commission is investigating, among other things, whether Boehringer's payments to Barr under the joint marketing agreement were actually unlawful inducements to postpone competition.

-3-

(characterizing inadequacy of document search as "the remaining issue" in the case after having "resolved the privilege issue" in its September 27 opinion).

The district court conclusively disposed of both issues. In its *Privilege Opinion* and accompanying order issued on September 27, 2012, it sustained most of Boehringer's privilege claims. And in its *Search Opinion* and accompanying final order issued on October 16, 2012, the court found that Boehringer's search for electronically stored documents had been inadequate. The district court ordered Boehringer to produce additional non-privileged documents in unredacted form. *Privilege Op.* at 17-18 & App. A. It also directed the company to conduct a supplemental search of electronic backup tapes, with specific parameters to be worked out by the parties. *Search Op.* at 5-6. And it required Boehringer to produce responsive documents identified through this search, except for those that qualify as privileged "subject to the same principles and holdings laid out" in the *Privilege Opinion. Id.* at 6.

The district court acknowledged that, "[i]f, at the end of this process, there remains a dispute as to whether any of these documents may be privileged," it would conduct further *in camera* review to resolve any such dispute. *Search Op.* at 6. However, the court made clear that it wished to avoid any such further adjudication: it expressed its "hope" that the parties could "avoid a protracted and

-4-

unnecessary back-and-forth" going forward, and warned that any spurious motions

practice could result in sanctions. *Privilege Op.* at 17.

    To date, neither party has had any need to raise any disputes with the district

court for further adjudication.[3]  The district court directed Boehringer and the FTC

to "meet and confer to determine the appropriate method of searching the relevant

backup tapes to render the process as efficient as possible." *Search Op.* at 6.  They

did so, and, on December 4, 2012, reached agreement on the specific scope of

Boehringer's supplemental search. *See* Mo. to Dismiss at 5; *id.*, Exh. E.

ARGUMENT

## I.    THE FINALITY OF THE DISTRICT COURT'S DECISIONS FOR APPEAL IS NOT AFFECTED BY THE MERE POSSIBILITY THAT THE DISTRICT COURT COULD BE ASKED TO ADDRESS ANCILLARY DISPUTES IN THE FUTURE.

    The district court's October 16, 2012, *Search Opinion* and *Order* constituted

the district court's "final decision," triggering this Court's appellate jurisdiction

under 28 U.S.C. § 1291.  That decision, together with the September 27 *Privilege*

*Opinion* and *Order*, constituted the court's complete response to the Commission's

request for relief – denying the subpoena enforcement petition in part and granting

it in part – and conclusively resolved all disputed issues in the case.

---

[3] Boehringer asserts that the district court "is still actively managing" the matter and "continues to oversee" Boehringer's production.  Mo. to Dismiss at 5, 10.  To the contrary, as the district court docket sheet confirms, neither party has submitted any substantive filings nor had any contacts with the district court concerning this matter since the court issued its two orders.

"Since the late nineteenth century, the Supreme Court has repeatedly found reviewable appeals from orders upholding [or rejecting] administrative subpoenas," *Kemp v. Gay*, 947 F.2d 1493, 1496 (D.C. Cir. 1991) (citing cases), and it is now "settled that an order of a district court granting or denying an agency's petition for enforcement of a subpoena is final and appealable." *FTC v. Texaco, Inc.*, 555 F.2d at 873 n.21. Indeed, almost 120 years ago, the Supreme Court concluded that, when a defendant fails "to produce the books, papers, documents, etc. called for" pursuant to an agency's lawful process," a court's decision "that the defendants are, in law, obliged to do what they have refused to do" is "a final and indisputable basis of action as between the commission and the defendants." *ICC v. Brimson*, 154 U.S. 447, 487-88 (1894); *see also Ellis v. ICC*, 237 U.S. 434, 442 (1915) (Holmes, J.). Once the court has directed a party to comply with an administrative subpoena – *i.e.*, "ordered a recusant witness to testify before the Commission" – the court's work is done, and "there remains nothing for it to do." *Cobbledick v. United States*, 309 U.S. 323, 330 (1940).

Here, the district court resolved the scope of Boehringer's obligations under the subpoena and ordered it to comply to the extent it had not already done so. "It is well established that a decree is final, for the purposes of an appeal," where, as here, it disposes of all disputed issues in "litigation between the parties on the merits of the case, and leaves nothing to be done" except – in the event the

respondent's compliance falls short in the future – "to enforce… what has been
determined" by the court. *United States v. Philip Morris USA, Inc.*, 686 F.3d 839,
846 (D.C. Cir. 2012) (quoting *St. Louis, Iron Mtn. & Southern Ry. Co. v. Southern
Express Co.*, 108 U.S. 24, 28-29 (1883)); *see also Catlin v. United States*, 324 U.S.
229, 233 (1945).

    Boehringer argues that the district court's companion orders adjudicating the
Commission's claims are not final because "there remain proceedings or issues for
the district court to resolve."  Mo. to Dismiss at 8.  But the mere possibility of a
future proceeding to address an ancillary, post-judgment dispute does not mean
that the district court's companion subpoena enforcement rulings do not constitute
a "final" decree.  "The considerations we employ to evaluate finality… do not
require that the order appealed be the last order possible in the matter."  *United
States v. Legal Services for New York City*, 249 F.3d 1077, 1081 (D.C. Cir. 2001).
Thus, for example, in *Brown Shoe Co. v. United States*, 370 U.S. 294 (1962), the
Supreme Court held that a district court's antitrust divestiture order was final and
reviewable, even though the district court would certainly need to issue "[f]urther
rulings… in administering its decree," since the "details of the divestiture which
the District Court will approve cannot affect the outcome of the basic litigation in
this case." *Id.* at 308 & n.15.  Accordingly, "the case in its present posture [is] a
proper one for review now[.]"  *Id.* at 308.

The speculative prospect that some ancillary dispute "could well arise," Mo. to Dismiss at 10, and Boehringer's pessimistic prediction that "further potential disputes are looming," *id.* at 11, have no bearing on the finality of orders that conclusively adjudicated the Commission's petition and resolved all *existing* disputes. Future disputes "may not even occur and, if they do, will provide their own opportunity for review."[4] *Office of Thrift Supervision v. Dobbs*, 931 F.3d 956, 958 (D.C. Cir. 1991). For this reason, this Court has made clear that, in the administrative subpoena enforcement context, the "district court's retention of jurisdiction for possible further relief after the documents [are] produced does not defeat finality." *FTC v. Texaco, Inc.*, 555 F.2d at 873 n.21 (citing *FTC v. Feldman*, 532 F.2d 1092, 1098 (7th Cir. 1976)).

Accordingly, a "question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988). Here, even if the district court were needed to resolve some future disagreement about whether a particular document qualifies as privileged, the district court's decision on any such future dispute will

---

[4] The district court recognized that additional adjudication might be needed "[i]f… there remains a dispute between the parties" after Boehringer's supplemental document production, and outlined how it would proceed in that event. *See Search Op.* at 6. However, nothing in either order contemplates any further district court proceedings if no such dispute remains. *Cf. Privilege Op.* at 17 (setting forth court's hope that the parties would work out any further differences).

not alter the existing decision governing how privilege disputes are to be resolved. The district court already has made clear that any future privilege disputes emerging from the ongoing document search "will be subject to the same principles and holdings laid out in [the *Privilege Opinion*] in this case," and that the court would interpret privilege issues in the same manner "as I have interpreted them in that opinion." *Search Op.* at 6. These are precisely the principles, holdings, and interpretations that the Commission seeks to challenge in this appeal. Any future district court proceeding involving Boehringer's claimed "looming" disputes over whether particular documents are privileged "will not alter the [*Privilege Opinion*] or moot or revise decisions embodied in the order." *Budinich*, 486 U.S. at 199.

The posture of the instant case is strikingly similar to *United States v. Legal Services for New York City*, in which this Court found that a district court order rejecting a blanket claim of attorney-client privilege was final and appealable, even though "the district court [had] indicated its willingness to entertain particularized claims of privilege" going forward. 249 F.3d at 1081. This Court reasoned that those individualized decisions would be governed by the same "view on the scope of the privilege" as the order that the appellant sought to challenge. *Id.* As in that case, the district court's *Privilege Opinion* here established principles that govern how any future "particularized" privilege disputes would be resolved. Thus,

-9-

despite the theoretical possibility of a further ancillary proceeding, the district court's orders collectively constitute a final decision that is ripe for appellate review.

Boehringer has not adduced any support for its contrary argument.  It cites several appellate cases that held district court orders to be non-final and non-appealable, supposedly because they left some privilege issues to be resolved in future proceedings.  Mo. to Dismiss at 8-10.  But each of these cases is inapposite.

For example, Boehringer relies heavily on *Citizens for Responsibility and Ethics in Washington v. Dept. of Homeland Security*, 532 F.3d 860 (D.C. Cir. 2008) ("*CREW*").[5]  *See* Mo. to Dismiss at 8-10.  But in that Freedom of Information Act case, this Court held that the challenged district court decision was not an appealable order because it had "merely denied the government's motion for summary judgment."  532 F.3d at 862 (quotation omitted).  The district court had "not yet determined whether to order release of any documents sought by appellees[,]…. [but had] simply heard and rejected the Secret Service's legal defense that its visitor logs fail to qualify [under FOIA] as 'agency records.'"  *Id.* at 863 (citing and quoting *Green v. Dept. of Commerce*, 618 F.2d 836, 839-41 (D.C. Cir. 1980)).  By contrast, the present case did not arise under the FOIA; it is not before this Court on the denial of a summary judgment motion; and the district

---

[5] Boehringer's Motion incorrectly refers to the defendant-appellant as the Department of Justice.  Mo. to Dismiss at 8-9.

court *has* ordered Boehringer to produce specific documents sought by the

Commission.  In *CREW*, this Court held, "[o]nly after the district court rules on

any claimed exemptions [from the obligation to produce documents under

FOIA]… will there be a final decision for the government or [the opposing party]

to appeal."  532 F.3d at 863.  The same principle applies here; but in the present

case (by contrast to *CREW*), the district court *has* ruled definitively on

Boehringer's "claimed exemptions" from the obligation to produce documents

under the Commission's subpoena (*i.e.*, sustaining Boehringer's privilege claims),

and *has* issued a final decision suitable for appeal.

 The Third and Tenth Circuit cases cited by Boehringer are even less on

point.  In *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470 (3d Cir. 2006),

the district court decision was held not to be final or appealable because it had

merely "dismissed one defendant for want of personal jurisdiction, but other

defendants remained;" and "an order that terminates… claims against fewer than

all parties[] does not constitute a 'final' order for purposes of appeal under

28 U.S.C. § 1291."  *Id.* at 476. By contrast, Boehringer is the only defendant here,

and the district court has disposed of all disputed claims.  Similarly, the district

court order in *In re Grand Jury Proceedings,* 616 F.3d 1172 (10th Cir. 2010), was

not ripe for appeal because it merely directed a witness to produce records to the

court for *in camera* review, but did not clearly establish whether the witness would

-11-

be required to comply with the subpoena. *Id.* at 1180. By contrast, here the district court has ordered Boehringer to comply with the subpoena (in part). No question has been left open.[6]

There is thus no merit to Boehringer's challenge to the finality of the district court's orders, or to this Court's jurisdiction over the present appeal.

## II.  THE FINALITY OF THE DISTRICT COURT'S ORDERS FOR PURPOSES OF APPEAL DOES NOT TURN ON WHETHER THEY WERE LABELED AS "JUDGMENTS" UNDER RULE 58

Boehringer contends that the district court's alleged failure to issue a "separate and appealable final *judgment*" pursuant to Fed. R. Civ. P. 58 confirms that the *Privilege Order* and the *Search Order* are not final or appealable. Mo. to Dismiss at 11 (emphasis in original). Both the Supreme Court and this Court have firmly rejected that argument on numerous occasions.

First, Boehringer incorrectly asserts that the district court failed to comply with Rule 58. That rule requires district courts to set out each judgment in "a separate document." Fed. R. Civ. P. 58(a). The district court below did just that: it entered the *Privilege Order* and the *Search Order* as "separate documents" from

---

[6] Moreover, court orders "dealing with the duty of witnesses to testify [in response to administrative agency subpoenas] present differentiating circumstances" from those applicable to grand jury subpoena enforcement orders. *Cobbledick v. United States*, 309 U.S. at 329. Orders enforcing administrative subpoenas are "held final and reviewable," while orders in the grand jury context generally are not. *Id.*

-12-

the corresponding memorandum opinions containing the district court's factual findings and legal reasoning.

Second, for each of these one-page orders, "[t]he fact that the page is labeled 'Order' rather than 'Judgment' is not relevant." *United States v. Johnson*, 254 F.3d 279, 285 n.7 (D.C. Cir. 2001). "The label used by the District Court of course cannot control the order's appealability," and therefore the fact "that the District Court did not caption its order as a 'judgment' [or] a 'final judgment'" is insignificant for purposes of finality under 28 U.S.C. § 1291. *Sullivan v. Finkelstein*, 496 U.S. at 628 n.7. *See also Spann v. Colonial Village, Inc.*, 899 F.2d 24, 32 n.4 (D.C. Cir. 1990) (R.B. Ginsburg, J.) (a "document labeled 'Order' rather than 'Judgment' may satisfy Rule 58"); *Kidd v. District of Columbia*, 206 F.3d 35, 41 n.2 (D.C. Cir. 2000) (same).

Third, even if the district court had not issued its judgment in a separate document, the finality of a district court's decision for purposes of appeal under 28 U.S.C. § 1291 is determined by the substance of the decision, not by such technicalities as whether the district court issued a Rule 58 "separate document." The Supreme Court has made clear that a "separate document of judgment is not needed for an order of a district court to become appealable." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). This is because the Rule 58 separate-judgment requirement was intended "to clarify when the time for appeal… begins to run,"

-13-

and "should be interpreted to prevent loss of the right of appeal, not to facilitate

loss." *Bankers Trust Co. v. Mallis*, 435 U.S. at 385 (citation omitted). *Accord*,

*Outlaw v. Airtech Air Conditioning and Heating, Inc.*, 412 F.3d 156, 162 (D.C.

Cir. 2005) (Roberts, J.) (order in which "all pending claims against all parties was

resolved… constitutes a judgment… from which an appeal lies," despite the

absence of a Rule 58 "separate document"); *United States v. Johnson*, 254 F.3d at

287 & n.10 ("this court has jurisdiction to decide an appeal filed before entry of a

[judgment] conforming" with Rule 58).[7]

Fourth, the relief Boehringer seeks is pointless. In effect, Boehringer asks

that the Commission be compelled to go back to the district court and ask it to "file

and enter the separate judgment, from which a timely appeal would then be taken."

*Bankers Trust*, 435 U.S. at 385.[8]  The relief Boehringer seeks would cause

---

[7] Boehringer misreads *United States v. Johnson* as ruling that the district court's decision was "not unambiguously… a final judgment" and therefore unappealable. Mo. to Dismiss at 14. To the contrary, the Court recognized that, notwithstanding "confusion as to whether a judgment [had] properly been entered" by the district court in conformance with Rule 58, "entry of a conforming order is not necessary for the district court's decision to become appealable." 254 F.3d at 286-87.

[8] Although Rule 58(d) provides that an appellant "*may* request that judgment be set out in a separate document," Fed. R. Civ. P. 58(d) (emphasis added), nothing in the Rule *requires* a party to do so. Boehringer's contrary suggestion, Mo. to Dismiss at 14, is baseless. Indeed, in one of the cases Boehringer cites – *American Int'l Specialty Lines Ins. Co. v. Electronic Data Sys. Corp.*, 347 F.3d 665 (7th Cir. 2003) (Posner, J.), the court confirmed that the district court's order was "final… and immediately appealable," even though the parties had specifically moved for issuance of a separate "Rule 58 judgment" and the district court had not acted on the motion. *Id.* at 669.

"[w]heels [to] spin for no practical purpose." *Id.* The Supreme Court has recognized that "nothing but delay would flow from requiring the court of appeals to dismiss the appeal" on the grounds urged here by Boehringer. *Id.* To dismiss an appeal "on the basis of such mere technicalities" would be "entirely contrary to the spirit of the Federal Rules of Civil Procedure," which are supposed to be "construed to secure the just, speedy, and inexpensive determination of every action." *Id.* at 386-87 (quoting *Foman v. Davis*, 371 U.S. 178, 181 (1962)). As the district court acknowledged, "the debate about these documents has gone on too long."[9] *Privilege Op.* at 17. Further delay might serve Boehringer's interests, but would not serve the interest of justice.

## CONCLUSION

For the foregoing reasons, Boehringer's Motion to Dismiss should be denied.

---

[9] This subpoena enforcement action was pending in the district court for almost exactly three years from the filing of the petition to enforce (October 23, 2009) to the court's final order (October 16, 2012).

Respectfully submitted,


David C. Shonka
Acting General Counsel

Leslie Rice Melman
Assistant General Counsel for Litigation


*/s/ David L. Sieradzki*_____
David L. Sieradzki
Attorney, Office of General Counsel

FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Washington, DC  20580
(202) 326-2092
dsieradzki@ftc.gov

Attorneys for Petitioner-Appellant
Federal Trade Commission


Dated:  February 11, 2013

## **Certificate of Service**

I hereby certify that copies of the foregoing Opposition to Motion to Dismiss were served upon the following counsel of record, via the Court's CM/ECF system, this 11th day of February, 2013.

Lawrence D. Rosenberg
Peter Biersteker
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001

Michael Sennett
William F. Dolan
Pamela L. Taylor
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601

Attorneys for Respondent-Appellee
Boehringer Ingelheim Pharmaceuticals, Inc.

*/s/ David L. Sieradzki*
David L. Sieradzki